### JAMES H. COOK V. OLDS GASOLINE ENGINE WORKS.

1. AFFIDAVIT MUST FOLLOW OR BE EQUIVALENT TO STATUTE.
   An affidavit for an order of attachment must follow the language of the statute, or contain allegations clearly equivalent thereto.

2. IT MUST SHOW THAT CLAIM IS JUST.
   An affidavit for an attachment which does not contain a statement that the plaintiff's claim is just, or allegations clearly showing that such claim is just, is insufficient under the statute. A statement showing the nature of plaintiff's claim, together with an allegation that it is due and unpaid, is not sufficient.

ERROR to the Court of Common Pleas of Lucas county.

HULL, J.

The plaintiff in error was also plaintiff below, and began an action against the Olds Gasoline Engine Works upon an account for commissions and for money advanced, in which he claimed judgment against the defendant for the sum of $2,482.52. At the commencement of this action he filed an affidavit for an attachment, with the clerk, and an order of attachment was issued. Afterwards, a motion was filed in the court of common pleas to discharge and dissolve the attachment, and it was dissolved by the court of common pleas, upon the ground that the affidavit was insufficient under the statute of the state of Ohio. To this action, order and judgment of the court of common pleas, error is prosecuted in this court.

The affidavit upon which the writ of attachment was issued is as follows:

"James H. Cook being by me first duly sworn, deposes and says that he is the plaintiff herein; that he has commenced an action against the defendant, the Olds Gasoline Engine Works, upon an account for commissions earned and money advanced for and on account of the defendant and at its request, and that said account is due and unpaid and that the plaintiff ought to recover thereon from said defendant the sum of twenty-four hundred, eighty-two and 52-100 dollars and costs of this action.

"Affiant also makes oath that the defendant is not the head or support of a family, and has not in good faith the maintenance or support of a widowed mother wholly dependent upon it for support, and that the property sought and about to be attached in this action is not exempt from execution and is not the personal earnings of said defendant, for services rendered within three months prior to the commencement of this action.

"Affiant also makes oath that the defendant is a non-resident of Lucas county and the state of Ohio, and is a foreign corporation and has not filed statements under Ohio foreign corporation laws."

Then follow allegations in reference to certain parties in whose hands he claims are moneys belonging to the defendant, which he seeks to have garnisheed.

The complaint made against this affidavit in the court below was that it does not contain any statement or allegation showing that the

claim of the plaintiff was just, and that, therefore, the affidavit is insufficient in law. The court of common pleas took this view of the affidavit, and discharged the attachment. Section 5522, Rev. Stat., provides:

"An order of attachment shall be made by the clerk of the court in which the action is brought, in any case mentioned in the preceding section, when there is filed in his office an affidavit, of the plaintiff, his agent or attorney, showing:

"1. The nature of the plaintiff's claim.

"2. That it is just.

"3. The amount which the affiant believes the plaintiff ought to recover; and

"4. The existence of any one of the grounds for an attachment enumerated in the preceding section."

An affidavit in attachment, it will be noticed, by the express words of the statute, is addressed, not to the court, but to the clerk of the court, and provides that when an affidavit is filed in the office of the clerk, making a showing of certain things, then the order of attachment shall be made, as the statute says, by the clerk of the court.

Does this affidavit contain such allegations and statements as amount to a showing that the claim of the plaintiff is just? The plaintiff is required First, to show the nature of his claim. The affidavit begins as follows: "That he has commenced an action against the defendant, the Olds Gasoline Engine Works, upon an account for commissions earned and money advanced for and on account of the defendant and at its request"—a proper description of the nature of the claims which he has made in his petition, which is no part of the affidavit in attachment —and then proceeds: "And that said account is due and unpaid." An account or claim is due when the time has arrived for its payment, and it is unpaid if no part of it has been paid. This allegation is not required by the statute and is not equivalent to a statement that the claim is just. But he is required, further, by the statute, to state the amount he ought to recover, and the affidavit says: "Plaintiff ought to recover thereon from said defendant the sum of $2,482.52."

Now, it will appear that there is no direct allegation in this affidavit that the plaintiff's claim is just. Under the statute there must either be a direct and positive statement that the plaintiff's claim is just, or such allegations and statements as amount to a clear showing that the plaintiff's claim is a just claim. The proceeding in attachment is a statutory proceeding, purely. The plaintiff has such rights and just such rights as the statute gives him, and no others. It is one of the extraordinary rights and remedies of the law, which enables the plaintiff to take the property of the defendant—seize it under the writ, before the recovery of a judgment against him. The code requires that proceedings under it shall be construed liberally, in the interest of justice. Section 4948, Rev. Stat., provides:

"The provisions of this part, and all proceedings under it, shall be liberally construed, in order to promote its object, and assist the parties in obtaining justice."

This, however, does not relieve a party from including in an affidavit for an attachment all of the necessary requirements of the statute; and affidavits in attachment, under the authorities, are and should be rather strictly construed by the courts. I refer to Waples on Attachment, page 80, ree the author says:

"To establish the necessity for the extraordinary relief he claims, the creditor must follow the statute when making his oath. If that requires that the debt must be due, he must swear that it is due; if that requires that it must be due on contract, he must swear that it is due upon contract; if that specifies several grounds upon any of which the remedy may be awarded, the affiant must swear to the existence of one or more of the grounds in language substantially embodying the meaning of the statute. The onus is on him. The presumption is against the necessity of resorting to the harsh process. His right to move comes solely from the statute, and he must follow it."

And, on page 85, the same author says:

"The rule of construction is to insist upon a strict compliance with statutes authorizing attachments. Courts should observe this rule in using their discretionary power, in judging of the sufficiency of affidavits, where discretion is allowed; they should guard against the granting of writs upon loose and imperfect affidavits.

"The reasons of the rule of strict construction are found in the harshness of the remedy, and the fact that it is out of the ordinary course of practice."

The Supreme Court of this state in Endel v. Leibrock, 33 Ohio St , 254, have said some things that are applicable to this case. That case was one where no affidavit was in fact filed, but it was undertaken to use the petition as an affidavit in attachment. On page 267, the court say:

"There is no statement that the claims sued on are just—a very essential feature of an affidavit—nor of the amount affiant believes he ought to recover."

A case in 38 West Virginia Reports contains some language that is pertinent—the case of Crim v. Harmon. I read from page 599:

"That part of the statute in question is as follows: 'When an action at law or suit in equity is about to be or is instituted, the plaintiff at the commencement of the action or suit, or at any time thereafter and before judgment, may have an order of attachment against the property of the defendant by filing with the clerk of the court * * * his own affidavit or that of some credible person, stating (1) nature of the plaintiff's claim, (2) and the amount at the least, (3) which the plaintiff is justly entitled to recover.' This is a plain, concise, and simple form of written oath, that he who runs may read. The appellee contends that his affidavit is good, although he has left out the term 'justly.'

"The argument on behalf of the appellee is: The law entitles a party to recover only that which is just. Affiant says that, by law, he is entitled to recover this claim as stated. Therefore, he has said by necessary implication, that he is justly entitled to recover it. But this would soon involve the courts in the question as to what words in the statutory affidavit can be left out as unmeaning, or as already contained in other words by necessary implication, or what other words can be substituted as meaning the same thing."

We do not hold that under our statute it is necessary to follow the exact words of the statute in framing an affidavit; but the language of the statute either must be followed or such words must be used as are clearly equivalent to those used by the statute. As I have suggested, it appears from the statute itself that this affidavit is addressed to the clerk of the courts; it is not addressed to the court, nor to the judge, and it is for the clerk to say, in the first instance, when the affidavit is presented,

whether it is an affidavit containing the necessary allegations under the statute. Therefore, the language should be clear and plain and in either the exact words of the statute or clearly eqvivalent thereto.

In our judgment, this affidavit does not contain either the positive allegation that the claim is just or such language and statements as amount to a "showing" that the claim of the plaintiff is just.

It is claimed by the plaintiff in error, that the language which appears to us as merely descriptive of his claim shows that his claim is just, to-wit, "that he has commenced an action against the defendant, the Olds Gasoline Engine Works, upon an account for commissions earned and money advanced for and on account of the defendant and at its request." Now, it seems to us that that language merely shows the "nature" of his claim which he was required by the statute to state in his affidavit in addition to showing that it was just. He says he has commenced an action on account of commissions earned and money advanced, which is equivalent to saying that he has commenced an action in which he claims against the defendant upon an account and claims for commissions earned and money advanced. We think the allegations, made and the language employed are not of that positive character necessary to constitute a "showing," under this statute, that the plaintiff's claim is just; and, for these reasons and upon the authorities which I have cited, the judgment and order of the court of common pleas, in discharging this attachment, on the ground that the affidavit was insufficient, will be affirmed at the cost of the plaintiff in error, but without penalty.

*W. H. A. Read*, for plaintiff in error.

*King & Tracy*, for defendant in error.